Mode *et al. v.* The Board of Commissioners of Crawford County.

The judgment is affirmed.

Filed Apr. 30, 1895; petition for rehearing overruled June 13, 1895.

---

No. 17,630.

## MODE ET AL. *v.* THE BOARD OF COMMISSIONERS OF CRAWFORD COUNTY.

COUNTY SEAT.—*Appeal from Order of Removal.*—*Contract for Court House Pending Appeal.*—*Injunction.*—Pending an appeal from an order of the circuit court to remove the county seat, the Supreme Court will not enjoin the county commissioners from contracting for the building of a court house at the site to which the removal was ordered.

SUPREME COURT.—*Original Jurisdiction.*—*Injunction.*—The jurisdiction of the Supreme Court lies to restrain anything which will render fruitless any disposition which it might make of the case.

From the Washington Circuit Court.

*J. A. Zaring, M. B. Hottel, J. L. Suddarth, J. H. Weathers, W. N. Tracewell, A. W. Funkhouser, B. K. Elliott, W. F. Elliott* and *E. R. Odle,* for appellants.

*C. L. Jewett, H. E. Jewett, A. G. Smith* and *C. A. Korbly,* for appellee.

PER CURIAM.—The petitioners allege the pendency in this court of an appeal from a judgment of the Washington Circuit Court ordering the removal of the county seat of Crawford county from Leavenworth to English, and it it further alleged that the respondents, the county commissioners, are proceeding to contract for the building, at English, of a court house for said county. It is sought by the petitioners in this proceeding to have the

respondents enjoined from so contracting for the erection of said court house. It is manifest, we believe, that the contract for such building does not constitute the removal of the county seat nor would the erection of such a building constitute such removal.

It is our judgment, therefore, that the proposed contract will not affect our jurisdiction or in any manner frustrate or render fruitless any decree which may be rendered or decision made by this court. That the respondents are taking the responsibility of expending public moneys for a purpose which may become fruitless is not a question of original jurisdiction in this court, but is one to be determined by the *nisi prius* court, and the propriety of the measure is a question for which the respondents must answer to the people of their county. If builders are willing to take the chances of expending money upon a contract, possibly void for the want of authority, the wisdom of so doing is with them. Our original jurisdiction is to restrain that which will impede or render fruitless any disposition we may make of the pending appeal. When we have concluded, as we do, that the contract or its execution does not remove the county seat, it is manifest that our jurisdiction in the case appealed is not affected.

If the respondents persist in the acts to which their proceedings tend, and, before we have finally disposed of the pending appeal, their acts threaten the removal of the county seat before we can pass upon the question within our jurisdiction, we will then determine, if proceedings are begun, whether that imperative necessity for interference exists which will permit us to interfere. For the present, no imperious necessity for action by us is shown, and we must leave the petitioners to such remedies as may be afforded by the *nisi prius* court and until our jurisdiction is imperiled. The respondents are

not parties to the appeal, and we obtain no jurisdiction over them through that case and any action had by this court against them is by the assumption of original jurisdiction, and, as we have said, that must be where our jurisdiction in the case appealed is imperiled.   The motion of the respondents to dissolve the restraining order heretofore issued is sustained.

Filed June 13, 1895.